## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**MELVIN DEAN MORTON,**                    *

    **Petitioner,**                    *

                              **Civ. Action No. RDB-16-1721**

    **v.**                    *     **Crim. Action No. RDB-08-0401**

**UNITED STATES OF AMERICA,**                    *

    **Respondent.**                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

Now pending before this Court are Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 427), Motion to Supplement (ECF No. 445), and Emergency Motion to Lift Abeyance and Rule on 28 U.S.C. § 2255 Motion (ECF No. 506).   Petitioner has withdrawn his claim challenging has conviction for being a felon in possession of a firearm (18 U.S.C. § 922(g)) under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and seeks vacatur of his 18 U.S.C. § 924(c) conviction.   (ECF No. 506.)   By agreement of counsel,[1] the Motion to Vacate that conviction, Motion to Supplement, and Emergency Motion to Lift Abeyance and Rule on 28 U.S.C. § 2255 Motion (**ECF Nos. 427, 445, 506**) are **GRANTED**.

Pursuant to 18 U.S.C. § 924(c), an additional term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."   The "crime of violence" underlying Petitioner's § 924(c) charge was attempted Hobbs Act robbery in

---

[1] On April 13, 2021 the Government conceded that Petitioner's 18 U.S.C. § 924(c) conviction must be vacated in light of the Fourth Circuit's opinion in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).   (ECF No. 489 at 1.)   The Government does not, however, concede that the case was decided correctly.

violation of 18 U.S.C. § 1951. (Judgment, No. 317.)  This offense no longer qualifies as a crime of violence in light of the recent opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).  In the *Taylor* case, the Fourth Circuit clearly held that attempted Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. § 924(c).

Accordingly, the Defendant Morton is entitled to a resentencing in the criminal case, *United States v. Morton*, Criminal No. RDB-08-0401.  Therefore, the Motion to Vacate **(ECF No. 427), Motion to Supplement (ECF No. 445), and Emergency Motion to Lift Abeyance and Rule on 28 U.S.C. § 2255 Motion (ECF No. 506) are GRANTED and the civil case,** *Morton v. United States***, Civil No. RDB-16-1721, shall be CLOSED.**  Re-Sentencing shall be scheduled by agreement of counsel at a date to be determined.

IT IS HEREBY SO ORDERED THIS 14TH DAY OF JUNE, 2021.


_____/s/_____
Richard D. Bennett
United States District Judge